UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re DONNA M. HOUGEN,<br><br>Debtor. | Chapter 13 Proceedings<br>Case No. 04-22350--PHX-CGC<br><br>UNDER ADVISEMENT DECISION<br>RE: ATTORNEYS' FEES TO<br>HOMEOWNER'S ASSOCIATION |

The issue in this case is the amount of attorneys fees the homeowner's association, Arroyo Madera Estates Homeowner's Association ("HOA"), should be allowed to collect as part of its secured claim again the Debtor Donna Hougen's house. As noted on the record at the end of the trial, the Court's comments concerning the case are the basis for its findings of fact.

This is litigation that spun out of control. The issue is where should the burden fall for the excessive fees. The HOA is entitled to its reasonable attorneys fees incurred in collecting unpaid assessments. In its view, all of its fees (approximately $8,700 through March, 2006, not including those incurred in the trial) were reasonably incurred because Debtor was uncooperative and failed to live up to her agreement to resolve this case. In Debtor's view, the HOA refused to negotiate a reasonable payment plan, refused to discuss a full payoff with a third party who had offered to loan her the necessary funds, and unreasonably ran up its bills.

As noted at the trial, neither party has clothed itself in glory. The unpaid HOA fees accrued primarily over the period from May, 2001, through September 2002. They approximate $2,700, including late fees assessed during that period. Mr. Dick Todd offered to pay the amount due in September of 2003 when the total amount was $6,710.12; unfortunately, counsel for the HOA apparently misunderstood his offer and thought it was in lieu of payments owed by Mr. Todd to Debtor. Mr. Todd testified definitively that this was not his proposal. Even more unfortunately, the email sent from the HOA counsel to Mr. Todd with the payoff amount apparently never was received by Mr. Todd. Thus, the opportunity to solve this problem at a much earlier and much less expensive point was lost due to poor communication. Later, the

dispute was apparently resolved for approximately $8,500; however, this deal fell apart because both sides thought the other had reneged. So we found ourselves instead at trial.

There is no question that the HOA's counsel incurred the time and billed the fees. There is also no question raised that the hour rates charged were not reasonable. The issue is more fundamental – under what circumstances is it reasonable for the resolution of a dispute over $2,700 to cost three times that much in attorneys fees? Whatever those circumstances may be, they are not present in this case. Although Debtor was clearly a difficult person to deal with and some reasonable amount of fees should be awarded, this case simply has too many missed opportunities for a fair and expeditious resolution. Either through the vehicle of the Todd proposal or a more proactive attempt to agree on a payment schedule, this case should have been resolved more quickly and much earlier. The Court finds that the best starting point is the point at which Mr. Todd was prepared to pay off the debt. Then, there were approximately $3,900 in fees accrued. It is reasonable to conclude that the HOA would have needed to incur additional fees to follow up on and finalize a pay off proposal. Therefore, the Court finds that the appropriate amount of attorneys fees and costs is $5,000. The total claim will be the past due assessments, late charges actually assessed, and the $5,000 in attorneys' fees.

So ordered.

DATED: May 17, 2006

CHARLES G. CASE II
UNITED STATES BANKRUPTCY JUDGE

Copy to be served by BNC